Sutcliffe *v.* Eisele.

---

Ida L. Sutcliffe et al.

*v.*

John C. Eisele et al.

[Filed October 7th, 1901.]

1. Preliminary injunction denied in case stated.
2. *Quære.* What constitutes a "bay window" to a dwelling?

---

*Mr. Walter J. Knight,* for the complainants.

*Mr. Michael T. Barrell,* for the defendants.

Stevens, V. C.

The bill was filed to prevent the erection of the front of a dwelling-house on Hillside avenue, in Newark, on the ground

that the defendant Lehman was constructing it in violation of one of the covenants which it was agreed by the grantors of complainant should be inserted in deeds given by them as the owners of a tract which had been divided into building lots. One of these lots had been purchased by complainant, another subsequently by Lehman. The covenant is as follows:

"That any such private dwelling-houses which may be erected as aforesaid shall cost not less than $4,000; that the front of such dwelling-house which may be erected shall not be less than twelve feet from the street line of Hillside avenue aforesaid, and not less than fifteen feet from the street line of Clinton avenue aforesaid, *but bay windows and piazzas may extend beyond the said twelve and fifteen feet lines respectively.*"

The part of the structure complained of is a semi-circular front, two stories high, having a radius of eight feet. It extends beyond the prescribed line, at its furtherest point, eight feet, and its extreme width at the point where it intersects the front line of the house is sixteen feet.

It will be observed that this covenant does not limit the size of the bay window or piazza. They are excepted from its operation, and, so far as its words go, they may extend indefinitely to the street line. This the complainant admits. He puts himself, however, upon the ground that the structure in question is not a bay window, but a semi-circular tower. In the peculiar situation in which he stands, his ground of objection to the character of the structure is confined within narrow limits. He himself, two years before, had erected a dwelling-house on the adjoining lot, having a front similar to that complained of. Like the defendant's, it is semi-circular in form and two stories high. Like the defendant's, it projects over the twelve-foot line. Even the construction between the glass windows is as solid and wall-like in the one case as in the other. It springs from the walls in much the same way. The only substantial difference is in its size. The complainant's front, where it intersects the house line parallel with the street line, is eight feet wide, while the defendant's is sixteen; and it extends beyond the prescribed line only two feet four inches, while the defendant's extends eight feet. Now, it is apparent that the complainant is not in a position to

Sutcliffe *v.* Eisele.

complain if, or in so far as, he has violated his covenant in the same way. But he says that he has not. He contends that his structure is strictly a bay window and that his neighbor's is not. Differentiating them, however, only by their respective dimensions, he is unable to say when a structure of that kind ceases to be a bay window and becomes something else. He cannot suggest any rule by which the court can say to Mr. Lehman, thus far you may build and no farther. Undoubtedly, as a matter of good taste, it would seem that a bay window, like any other part of a house, ought to bear some proportion to its size and to the size of the room or rooms of which it is a part. But I suppose that even architects would differ as to what would constitute a bay window of ideal size for a room of given dimensions. Its size and position would generally vary with the character of the house and its surroundings and with the taste or prejudices of the owner. I am quite at a loss to decide, size alone being considered, when such a structure ceases to be a bay window and becomes something else. If it was the intention of the grantors to put any size limit upon either bay windows or piazzas, how easy it would have been to have done so in the deed. In the case in hand several carpenters, sworn for the complainant, have given it as their opinion, based on differing and not very satisfactory reasons, that the structure is not a bay window, while several architects, sworn on the part of the defendant, have said that in their opinion it is. The vagueness of the covenant is fatal to the complainant's case. As was said by Lord Westbury, in *Low* v. *Inness, 10 Jur. (N. S.) 1037,* "the first duty of the court, in granting an injunction of this kind, is to lay down a clear and definite rule." But how can any rule be here laid down which will not interpolate into this covenant a restriction which it does not itself contain.

In *Mann* v. *Stephens, 15 Sim. 379,* A, being seized in fee of a house and of an adjoining piece of land, conveyed the house to B, and covenanted that the piece adjoining should forever thereafter remain and be used as a shrubbery or garden, and that no house or other building should be erected on any part of it, except a private house or ornamental cottage, * * * *"so as to be an ornament rather than otherwise to the surrounding property."*

The chancellor, on appeal, struck from the injunction order the words I have italicized.

In *Taylor* v. *Portington, 7 De G. M. & G. 328,* an agreement by lessee to take a lease of a house "if put in thorough repair and the drawing-rooms handsomely decorated according to the present style" was held too uncertain to be specifically executed. *Bernard* v. *Meara, 12 Ir. Ch. 389,* is in the same direction.

While the specific performance of building contracts will sometimes be enforced (*Gregory* v. *Ingwersen, 5 Stew. Eq. 200*), they will not be if too uncertain to enable the court to carry them out. *Fry Spec. Perf.* § *48; Pom. Eq. Jur.* § *1405* and note; *Story Eq. Jur.* § *728.*

The only case cited in support of the jurisdiction (*Gawtry* v. *Leland, 4 Stew. Eq. 385*) is clearly distinguishable. The structure there objected to (a pavilion extending across the entire front of the lot) was different in kind from the bough-house permitted by the covenant, and there was, besides, a plain violation of its expressed purpose, which was to secure an unobstructed view of the ocean.

I think that, in the peculiar situation of this case, the complainant's front being like the defendant's, except in point of size, the complainant has not shown himself entitled to the injunction sought. Of course, any structure confessedly not a bay window would stand in a different situation.